IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ZAK LAW OFFICES, P.C., LOAN | ) | |
| MODIFICATION GROUP, INC. a/k/a | ) | |
| LOAN MODIFICATION GROUP OF | ) | |
| MASSACHUSETTS, and TRADIX | ) | C.A. No. |
| ASSOCIATES, INC., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LISA REED, | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Zak Law Offices, P.C. ("ZLO"), Loan Modification Group Inc. ("LMG") and

Tradix Associates, Inc. ("Tradix"), by and through their attorneys, based upon the facts set forth

below, request that they be granted injunctive relief against defendant Lisa Reed preventing her

from copying, accessing, using, interfering with or infringing upon the copyright of the software

program below described and that they be awarded monetary damages, compensatory and

punitive, plus attorneys fees and court costs and expenses.

## I. Introduction

1.     This is an action seeking, *inter alia*, injunctive relief pursuant to 17 U.S.C. §§501

and 502 restraining and preventing the defendant Lisa Reed from accessing, interfering with,

copying, using or infringing upon the software application in which the plaintiffs share a

common interest, as well as compensatory and punitive damages, and costs and attorneys fees.

## II. Parties

2.     Plaintiff ZLO is a Massachusetts professional corporation that maintains its

principal place of business in Needham, Massachusetts.

3.    Plaintiff LMG is a Massachusetts corporation that maintains its principal place of business in Revere, Massachusetts.

4.    Plaintiff Tradix is a Massachusetts corporation that maintains its principle place of business in Needham, Massachusetts.

5.    Defendant Lisa Reed is, upon information and belief, a resident of the Commonwealth of Massachusetts.

### III.  Subject Matter Jurisdiction

6.    This Court has original exclusive federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338(a).  *See also* 28 U.S.C. §1331.

### IV.  Venue

7.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because (1) the defendant resides in this judicial district and (2) a substantial part of the events giving rise to the plaintiffs' claims occurred in this judicial district.

### V.  Facts

8.    On or about March 1, 2009, ZLO contracted with Tradix for Tradix to create an original software application to be used by ZLO to perform legal services relating to mortgage modification for clients.

9.    In response to ZLO's request, Vladimir Bychkov, Vice President of Business Development for Tradix, created an original software application using the Quickbase platform provided by Intuit, Inc. ("Intuit"), a Delaware corporation.  Mr. Bychkov registered the Quickbase Application with Intuit as Application No. BD9NFCS58, effective March 5, 2009 (the "Quickbase Application").

10.     The Quickbase Application developed by Tradix is a work for hire, which involved a substantial investment of time and labor in anticipation of a financial return.  As such, it is subject to copyright protection under the laws of the United States.

11.     Tradix granted ZLO an exclusive license to use the Quickbase Application.  In consideration for that license, ZLO agreed to pay Tradix one hundred dollars ($100.00) for services in connection with each mortgage modification file that it processed using the Quickbase Application.

12.     In or about December 2008, ZLO hired defendant Reed as a consultant to assist with business development.  In connection with her work as a consultant to ZLO, Reed had her own password that allowed her to access the Quickbase Application and all of ZLO's propriety information and business processes contained therein.

13.     On or about February 6, 2009, David Zak, who is the president, sole shareholder and principal attorney of ZLO, formed LMG to perform analytic research services for homeowners facing foreclosure.  Mr. Zak is the president and sole shareholder of LMG.

14.     With ZLO's consent, Tradix granted LMG a license to also use the Quickbase Application.  LMG thereafter began to use the Quickbase application in connection with its business.  In consideration for that license, LMG agreed to pay Tradix one hundred dollars ($100.00) for services in connection with each mortgage modification file that it processed using the Quickbase Application.  ZLO and LMG are the only two entities that are licensed to use the Quickbase Application.

15.     In or about March 2009, defendant Reed assumed the title of Vice President, Customer Service.  In connection with her work, defendant Reed had a password allowing her to

access the Quickbase Application and all of the propriety information and business processes of ZLO and LMG contained therein.

16.     On or about January 4, 2010, LMG ended its relationship with defendant Reed.

17.     At that time, defendant Reed's authorization to access the Quickbase application and/or the propriety information and business processes of ZLO and LMG contained therein also ended.

18.     On or about February 3, 2010, Mr. Zak and Mr. Bychkov determined that on or about January 20, 2010, defendant Reed had accessed the Quickbase Application, notwithstanding that she was not authorized to do so. Upon information and belief, defendant Reed reproduced, or cloned the Quickbase Application, in violation of the exclusive rights of Tradix, ZLO and LMG. *See* 17 U.S.C. §§106, 501. Defendant Reed registered the Clone with Intuit as Application No. BE3GB9VKS (the "Clone").

19.     Upon learning of defendant Reed's unlawful actions, Tradix immediately disabled defendant Reed's password to the Quickbase Application. In addition, LMG notified Intuit that defendant Reed had unlawfully accessed the Quickbase Application and created the Clone. LMG requested that Intuit immediately disable defendant Reed's access to the Quickbase Application and the Clone.

20.     On or about February 3, 2010, Intuit disabled defendant Reed's ability to access the Quickbase Application and the Clone. Upon information and belief, Intuit thereafter notified defendant Reed that it had disabled her access to the Quickbase Application and the Clone.

21.     Defendant Reed responded to the termination of her access to the Quickbase Application and the Clone by correspondence to Inuit dated February 12, 2010. Defendant Reed claimed, among other things, that the Quickbase Application and the Clone are not copyright

protected and/or that her use of those applications is "within the 'fair use' provision of the copyright regulations."

22.     On or about February 12, 2010, Intuit advised LMG that it had received defendant Reed's correspondence of the same date and that, as a result, LMG would restore Ms. Reed's access to the Quickbase Application and the Clone on or after March 1, 2010 unless it was notified prior to March 1st that LMG had filed an action seeking a court order restraining defendant Reed from infringing the copyright to the Quickbase Application.

<b><u>COPYRIGHT INFRINGEMENT</u></b>

23.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 23 as if fully set forth herein.

24.     Defendant Reed violated the exclusive rights of plaintiffs when she accessed the Quickbase Application and reproduced it to create the Clone with full knowledge of defendants' copyright in and to the Quickbase Application. Defendant Reed's conduct constituted infringement of the subject copyright. *See* 17 U.S.C. §501.

25.     Defendant Reed's unlawful access and reproduction of the Quickbase Application was willful and deliberate. *See* 17 U.S.C. §504(c)(2).

26.     Plaintiffs have suffered damages as a result of defendant Reed's infringement of their copyright in and to the Quickbase Application, including but not limited to her creation of the Clone.

WHEREFORE, plaintiffs Zak Law Offices, P.C., Loan Modification Group Inc., and Tradix Associates, Inc., respectfully request that the Honorable Court grant the following relief:

A. Judgment in their favor and against defendant Reed;

B. Compensatory damages;

5

C.  Statutory damages, *see* 17 U.S.C. §504(c);

D.  An injunction, temporary, preliminary and/or permanent restraining and enjoining Reed from further infringement of plaintiffs' exclusive rights with respect to the Quickbase Application and/or the Clone;

E.  An award of all of plaintiffs' costs and attorneys fees; and

F.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,


/s/George E. Lieberman
/s/Timothy M. Bliss
George E. Lieberman, B.B.O. No. 632590
Timothy M. Bliss, B.B.O. No. 645133
VETTER & WHITE
  Attorneys for Plaintiffs
Center Place
50 Park Row West, Suite 109
(401) 421-3060
(401) 272-6803 FAX
glieberman@vetterandwhite.com
tbliss@vetterandwhite.com

Dated:  February 25, 2010