UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZAK LAW OFFICES, P.C., LOAN MODIFICATION GROUP, INC. a/k/a LOAN MODIFICATION GROUP OF MASSACHUSETTS, and TRADIX ASSOCIATES, INC.,<br><br>    <u>Plaintiffs/Defendants in Counterclaim</u>,<br><br>    v.<br><br>LISA REED,<br><br>    Defendant/Plaintiff in <u>Counterclaim</u>. | Civil Action No.  10-10333-LTS |

ORDER AND MEMORANDUM
<u>ON MOTION TO DISMISS COUNTERCLAIM</u>.

July 13, 2010

SOROKIN, M.J.

Pending is the Motion of the Plaintiffs/Defendants in Counterclaim, Zak Law Offices, P.C. ("ZLO"), Loan Modification Group, Inc. ("LMG"), and Tradix Associates Inc. ("Tradix"), to dismiss the Counterclaim of the Defendant/Plaintiff in Counterclaim, Lisa Reed.  Docket # 7. For the following reasons, their motion is ALLOWED IN PART and DENIED IN PART.[1]

The following facts drawn from Reed's Counterclaim are recited as if true, in keeping

---

[1] For clarity, the Plaintiffs/Defendants in Counterclaim, ZLO, LMG and Tradix, are simply referred to throughout as "the Plaintiffs."

1

with the standard of review applicable to motions to dismiss pursuant to Rule 12(b)(6).

Reed asserts that in approximately November, 2008, she and ZLO began discussions about entering into a partnership to engage in a loan modification business. Docket # 5, at ¶ 39. In approximately January, 2009, a partnership between Reed and ZLO was formed, by oral agreement, and the loan modification business was operated thereafter by ZLO. Id. at ¶ 40. In approximately February, 2009, LMG was formed "as an adjunct to the loan modification business being operated by ZLO" to perform forensic audits and lender benefits analyses. Id. at ¶ 41. Reed "was also made a partner of LMG, by oral agreement." Id. at ¶ 42.[2] The oral partnership agreements provided that Reed was to be paid, monthly, fifty percent of the net profits of LMG, and fifty percent of the net profits of ZLO attributable to the loan modification business. Id. at ¶ 45.

Both partnerships "were intended to exist for a specific length of time, until December 31, 2012, in order to accomplish a specific purpose . . . to provide loan modifications to homeowners under certain laws enacted by the federal government." Id. at ¶ 42. Reed alleges that she and Tradix created a software application, to be used by ZLO and LMG. Id. at ¶ 44. Reed also alleges that in March, 2009, office space was leased for the loan modification business and that a portion of the premises were leased by Reed. Id. at ¶ 43.

Reed alleges that on January 4, 2010, and thereafter, ZLO and LMG unilaterally excluded her from the affairs of the partnership. Id. at ¶ 46. She began operating her own loan modification business and developed applications using the same Intuit Quickbase platform. Id. at ¶ 49. ZLO and LMG, however, wrongfully caused Intuit to disable her application by means

---

[2] Reed does not indicate who made the oral agreements on ZLO's or LMG's behalf.

of their claims that she had cloned their application. Id. at ¶ 50. She has been unable to access the application she developed since approximately February, 2010. Id. at ¶ 51.

Reed advances eight claims in her counterclaim. Five of the eight claims are directed against ZLO and LMG and are premised upon the oral partnership agreements: (1) Count Two, for an accounting of the partnerships pursuant to M.G.L. c. 108A, §§ 21-22; (2) Count Three, for access to the partnership records, pursuant to M.G.L. c. 108A, §§ 19-20; (3) Count Four, for breach of fiduciary duty; (4) Count Five, for breach of the partnership agreements; and (5) Count Six, for breach of contract.

Three claims are not dependent upon the partnership agreements: (1) Count One is directed against ZLO, LMG and Tradix, and seeks a declaratory judgment that Reed's development and use of the application is not in violation of the Copyright Act as the Plaintiffs have alleged, and for declaration of the Parties' rights relative to the alleged clone; (2) Count Seven is also directed against ZLO, LMG and Tradix and is for quantum meruit, alleging that the Plaintiffs have received the benefit of Reed's services without compensation; and, (3) Count Eight is for violation of M.G.L. c. 93A, § 11, in that ZLO and LMG knowingly misrepresented their ability to enter into partnership agreements with her (a non lawyer) when they were legally and ethically prohibited from doing so because the business involved the provision of legal services.

ZLO, LMG, and Tradix moved to dismiss the Counterclaim on May 7, 2010. Docket # 7. They raise various challenges to the sufficiency of the pleadings, and assert that the partnerships as alleged by Reed would be unenforceable because they would violate the Massachusetts Statute of Frauds.

II.     DISCUSSION

    A.  Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), Reed's counterclaim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court "must accept all well-pleaded facts alleged in the [counterclaim] as true and draw all reasonable inferences in favor of the [counterclaim] plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993).  This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir.1992).  Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir.1997)(quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988) (internal quotation marks omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Iqbal, 129 S.Ct. at 1949.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Id.  The Court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir.2009)(quoting Iqbal, 129 S.Ct. at 1949). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to

relief." Id.

       The Statute of Frauds

The Plaintiffs contend that the Massachusetts Statute of Frauds bars Counts Two through Six of Reed's Counterclaim. That statute provides in relevant part that, "[n]o action shall be brought . . . [u]pon an agreement that is not to be performed within one year from the making thereof . . . [u]nless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized." M.G.L. c. 269, § 1. The First Circuit, construing Massachusetts law, has explained that "oral contracts for a term of years are proscribed by the statute of frauds because, by definition, they cannot be performed within a year." Powers v. Boston Cooper Corp., 926 F.2d 109, 110-11 (1st Cir.1991).[3]

In her Counterclaim Reed alleged that she and ZLO "became partners, by oral agreement" in a loan modification business. Docket # 5 at ¶ 40. Shortly thereafter, Reed "was also made a partner of LMG, by oral agreement." Id. at ¶ 42. Regarding other terms of these oral agreements, Reed alleges only the following:

-   that the "partnerships were intended to exist for a specific length of time, until December 31, 2012, in order to accomplish a particular purpose, specifically to provide loan modifications to homeowners under certain laws enacted by the federal government" and,

-   that "pursuant to the oral partnership agreements," Reed received an "amount equal to 50% of the net profits" from the loan modification business.

---

[3] In addition, I note that at least one judge of this district has suggested that a party suing upon an alleged oral contract must plead greater detail than in the case of a written agreement. See Watkins v. Omni, 692 F.Supp.2d 170, 175, n. 5 (Stearns, J.) (citing Reed v. Gen. Implement Export Corp., 9 F.R.D. 182, 183 (N.D.Ohio 1949)).

Id. at ¶¶ 42, 45.

Moreover, Reed twice repeats her allegation concerning the intended length of the contract (albeit without reference to the specific date of December 31, 2012) by alleging that she formed "partnership agreements" with ZLO and LMG "for the operation of a loan modification business, and said partnerships were intended to exist for a specific length of time in order to accomplish a particular purpose." Id. at ¶ 69; See also Id. at ¶ 75 ("The oral contractual agreements of the parties [were] intended to exist for a specific length of time in order to accomplish a particular purpose").

These allegations by Reed assert the existence of two oral contracts each for terms of years, specifically, that the parties agreed to work as partners in the loan modification business until December 31, 2012. Reed, however, argues that the Counterclaim alleges not that a term of years was an element of the oral contracts, but rather that the four-year duration was a reasonable expectation in light of the contracts' terms, an expectation which frames her damages. Because the Court must draw all reasonable inferences in Reed's favor in considering the Plaintiff's Rule 12 motion, the motion of the Plaintiffs/Defendants in Counterclaim is DENIED with respect to Counts Two through Six.

The 93A Claim

Reed has also brought a claim against ZLO and LMG based upon the unenforceability of the partnership agreements, albeit for a different reason – namely, that she is a non attorney, and that the partnership agreements provided for the provision of legal services, which she asserts (without citation to authority) is illegal or unethical. Docket # 5 at ¶ 81. She alleges that ZLO and LMG misrepresented to her their ability to enter into partnership agreements, constituting an

unfair or deceptive business practice in violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

M.G.L. c. 93A, § 2(a) makes it unlawful to engage in "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 11 creates a private right of action for businesses, stating:

> Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two . . . may . . . bring an action in the superior court . . . for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper.

M.G.L. c. 93A, § 11.

Reed's claim, albeit brought pursuant to M.G.L. c. 93A, is a claim for fraud, and as such it must satisfy the heightened pleading standards applicable to such claims under Fed. R. Civ. P. 9(b). See Watkins, 692 F.Supp.2d at 177 ("any claim sounding in fraud must satisfy the requirements of the heightened pleading standard regardless of what label the pleader assigns to it") (quoting Declude, Inc. v. Perry, 593 F.Supp.2d 290, 297 (D.Mass.2008) (Gorton, J.). "The hallmarks of fraud are misrepresentation or deceit." Ed Peters Jewelry Co., Inc. v. C&J Jewelry Co., Inc., 215 F.3d 182, 191 (1st Cir.2000).

In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 9(b), a complaint alleging fraud must do so with particularity. "This heightened pleading standard is satisfied by an averment 'of the who, what, where, and when of the allegedly false or fraudulent representation.'" Rodi v. S. New England Sch. of Law, 389 F.3d 5, 15 (1st Cir.2004) (quoting Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir.2004)). Reed's counterclaim does not

satisfy this heightened pleading standard. Reed has not even identified the individual alleged to have made the deceptive statements. The most that can be deduced from her allegations is that someone associated with ZLO and LMG said something to the effect that the entities were capable of entering into partnership agreements, at some point between November, 2008, and January or February, 2009. Accordingly, the Motion is ALLOWED with respect to Count VIII of the Counterclaim.[4]

Quantum Meruit

The Plaintiffs assert that Count Seven, for quantum meruit, must be dismissed because Reed may not recover in quantum meruit as to the subject matter of a contract. The Federal Rules of Civil Procedure permit pleading in the alternative (See Fed. R. Civ. P. 8(a)(3)), and Reed is entitled to assert a claim on the basis of quantum meruit in the event that no valid contract applies to the conduct complained of. The Plaintiffs also assert that there is no dispute that Reed was compensated for her activities up until time of the termination of their relationship. Reed,

---

[4] Although not necessary to the result, the Court also notes that there is some doubt as to whether c. 93A is intended to reach the conduct of which Reed complains. The chapter's applicability excludes "intra-enterprise disputes because they are more similar to purely private disputes and are not 'commercial transaction[s] . . . in the sense required by c. 93A." Id. (quoting Linkage Corp. v. Trustees of Boston University, 425 Mass. 1, 23, n.33 (1997)). See First Enters., Ltd. v. Cooper, 425 Mass. 344, 347-348 (1997) (internal business dispute between parties in same venture not commercial marketplace transaction). Included in the"intra-enterprise" classification which is excluded from the reach of c. 93A are "disputes stemming from an employment relationship, disputes between individual members of a partnership arising from partnership business, and transactions and disputes between parties to a joint venture and between fellow shareholders." Linkage Corp., 425 Mass. at 23, n.33. The allegations of Reed's counterclaim are that she was involved in a partnership with ZLO and LMG, or, alternatively, that she was involved in a joint business venture with them, induced thereto by a misrepresentation concerning their ability to enter into a partnership, or, alternatively (as stated at the hearing on this motion) that she was employed by them as a contractor. It appears that none of these relationships may be within the reach of c. 93A.

however, asserts an interest in the application, and might plausibly be entitled to be compensated for the Plaintiffs' continued use of the database.  The motion is DENIED with respect to Count Seven.

### Declaratory Relief

The Plaintiffs assert that Count I is merely duplicative of their own claim seeking identical declaratory relief, and should be dismissed for that reason.  Contrary to their assertion that Reed would therefore not be harmed if the count were dismissed, Reed may wish to continue to pursue her counterclaim for declaratory relief even in the event that the Plaintiffs dismissed all of their claims.  The majority of the arguments advanced by the Plaintiffs go the merits of the case rather than to the sufficiency of the pleadings.  The motion is DENIED with respect to Count I.

### Claims Directed Against Tradix

The Plaintiffs also assert that Claims One and Seven of the Counterclaim should be dismissed to the extent directed against Tradix, because no facts have been pleaded which support liability to Reed.  As the Plaintiffs note, Count One is essentially duplicative of their own count for declaratory relief, seeking a declaration of the rights of the Parties vis-a-vis the software application which Reed claims she developed, and which the Plaintiffs claim Tradix developed.  Tradix is a Plaintiff to this action presumably because it has an interest in this dispute.  Accordingly, the motion is DENIED in this respect, since both Counts One and Seven concern the development of the application and the rights and duties of the parties in relation to the application.

III.   CONCLUSION

The Motion to Dismiss the Counterclaim of the Plaintiffs/Defendants in Counterclaim is

ALLOWED IN PART and DENIED IN PART.  Count Eight of the Counterclaim is DISMISSED.  It is further ORDERED: that the Parties shall make their Rule 26(a)(1) disclosures within thirty days of this Order; and, that the Parties may engage in fact discovery for a period of ninety days from the date of this Order, during which time each side may conduct two depositions.  It is further ORDERED that the Parties shall appear for a status conference on October 19, 2010, at 3:00 p.m. in Courtroom 24.

                SO ORDERED.

                  /s / Leo T. Sorokin
              UNITED STATES MAGISTRATE JUDGE